STEVEN P. CANFIELD
Nevada Bar No. 12711
WINNER & BOOZE
1117 South Rancho Drive
Las Vegas, Nevada 89102
Phone (702) 243-7000
Facsimile (702) 243-7059
scanfield@winnerfirm.com
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| VIVEK CHAMARIA, individually; GAURI CHAMARIA, individually, | CASE NO.: |
| Plaintiffs, | **PETITION FOR REMOVAL** |
| v. | |
| ANTHONY JEROME HOWARD, individually; TRANSTAR TRANSPORTATIONS, INC. a Foreign Corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20 inclusive, | |
| Defendants. | |

Defendant ANTHONY JEROME HOWARD by and through his attorney, STEVEN P. CANFIELD OF WINNER & BOOZE, submits this Petition for Removal in accordance with 28 U.S.C. §§ 1332, 1441 and 1446.  Removal is warranted under 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Defendant TRANSTAR TRRANSPORTATION INC represented by the same counsel consents to removal under 28 U.S.C. § 1446(b)(2)(C).   In support of this Petition for Removal Defendant states as follows:

1. Plaintiffs commenced the above-captioned matter by filing a Complaint in the Eighth Judicial District Court of the State of Nevada, in and for Clark County, on April 1, 2022. The case is identified as Case Number A-22-850593-C. In accordance with 28 U.S.C. § 1446(a), a copy of the Complaint is attached as ***Exhibit A***.

2. On June 18, 2022, Defendant ANTHONY JEROME HOWARD was served by Process Server, in Moreno Valley, California. *Exhibit B*.

3. There are no matters pending in the State Court Action that require resolution by this court.

4. Because this is a civil action between citizens of different states involving an amount in controversy in excess of $75,000, exclusive of interest and costs, removal of this matter is proper pursuant to 28 U.S.C. § 1332.

5. This action is one over which the United States District Courts have original jurisdiction by reason of the diversity of citizenship of the parties.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant ANTHONY JEROME HOWARD has contemporaneously filed a copy of this Petition for Removal with the clerk of the Eighth Judicial District Court in Clark County, Nevada and has provided a written notice to the Plaintiffs by serving a copy of the instant Petition for Removal on counsel for the Plaintiffs.

7. Defendant TRANSTAR TRANSPORTATION INC consents to removal under 28 U.S.C. § 1446(b)(2)(C) in addition to finding out about the exact amount in controversy on July 11, 2022.

## DIVERSITY OF CITIZENSHIP

8. The plaintiffs, as alleged in the Complaint, are residents of the State of Nevada. *See Exhibit A at 1:21-26.*

9. Defendants TRANSTAR TRANSPORTATIONS, INC. and ANTHONY JEROME HOWARD are residents of the State of California. *See Exhibit B and Exhibit C*.

10. The DOE and ROE Defendants in this action have not been identified and are merely nominal parties without relevance to the causes of action. *See Exhibit A at 2:7-22.*

11. Complete diversity of citizenship existed between the Plaintiffs and the Defendants at the time the Plaintiffs filed the State Court Action, and complete diversity of citizenship exists at the time of removal.

**AMOUNT IN CONTROVERSY**

As required by 28 U.S.C. § 1332, the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs. Counsel received Plaintiffs' Petition for Removal from Arbitration in the State Court Action on July 11, 2022 alleging bills in the amount of $541,000.00 for Plaintiff Gauri Chamaria and $66,000 for Plaintiff Vivek Chamaria. **See Exhibit D**

12. According to the Complaint, Plaintiffs were involved in a motor vehicle collision with the Defendants, and as a result, Plaintiffs have allegedly suffered certain injuries. ***Exhibit A*** at 3:2-20.

13. This Court has original jurisdiction under 28 U.S.C. Section 1332(a) based on diversity of citizenship. Plaintiffs and Defendants reside and/or are domiciled in different states and Plaintiffs allege their damages incurred total at least $600,000.00 , putting the matter in excess of the $75,000 minimum for diversity jurisdiction.

14. A defendant may remove a suit to federal court notwithstanding the failure of a plaintiff to plead a specific dollar amount in controversy.  Where a plaintiff has alleged no specific amount of damages, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  Lowdermilk v. United States Nat'l Assoc., 479 F.3d 994, 998 (9th Cir. 2007); Abrego v. Dow Chemical Co., 443 F.3d 676, 683 (9th Cir. 2007).

15. To satisfy the preponderance of the evidence test, a defendant must provide evidence that "it is more likely than not" that the amount in controversy is greater than $75,000.  Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).  The court may look beyond the complaint to determine whether the amount in controversy is met.  *See* Abrego at 690.

16. The Petition for Request for Removal received on July 11, 2022 was the first indication to Defendants of the bills in controversy. This demonstrates that the plaintiffs "more likely than not" seek more than $75,000, exclusive of interest and costs.

17. As a result of the accident, Plaintiffs allege they incurred special and general damages that

may include but are not limited to: emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and medical expenses, all to Plaintiffs' general and special damages

18. Plaintiffs also maintain that they are entitled to attorney's fees, costs, and interest.[1] *Id*. Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2006). *Id*.

19. Taking the foregoing into consideration, it is more likely than not that Plaintiffs seek damages in excess of $75,000.

20. Based on the foregoing, Defendants have met their burden of showing that the amount in controversy more likely than not exceeds the jurisdictional requirement of $75,000.

21. This Petition for Removal is timely as it is being filed within thirty (30) days after the Plaintiffs' complaint was served on Defendant ANTHONY JERMONE HOWARD on June 18, 2022. ***Exhibit C***. 28 U.S.C. § 1446(b)(2). Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 693, (9th Cir. 2005).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] F.R.C.P. 54 permits the recovery of attorney's fees by the prevailing party.

**<u>CONCLUSION</u>**

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the plaintiffs and the defendants, and because the plaintiffs are seeking damages in excess of the $75,000. Defendant ANTHONY JEROME HOWARD may therefore remove this action to federal court pursuant to 28 U.S.C. § 1441. Defendant TRANSTAR TRANSPORTATION INC may consent to removal under 28 U.S.C. § 1446(b)(2)(C)

2. Notice of the filing of this Petition for Removal is being filed and served in the State Court Action on this day.


DATED this 12th day of July, 2022.



WINNER & BOOZE


*/S/ Steven Canfield*
Steven P. Canfield
Nevada Bar No. 12711
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendants*

1
2
### *EXHIBITS*
3

| *Exhibit A* | Plaintiffs' Complaint |
|---|---|
| *Exhibit B* | Affidavit of Service of Summons and Complaint upon Defendant Anthony Howard |
| *Exhibit C* | Affidavit of Service of Summons and Complaint upon Defendant Transtar Transportations, Inc. |
| *Exhibit D* | Plaintiffs' Request for Exemption from Arbitration |

EXHIBIT "A"

Electronically Filed
4/1/2022 10:35 AM
Steven D. Grierson
CLERK OF THE COURT

COMP
STEVE DIMOPOULOS, ESQ.
Nevada Bar No. 12729
GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
DIMOPOULOS INJURY LAW
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, Nevada 89119
O: (702) 800-6000
F: (702) 224-2114
GB@stevedimopoulos.com
*Attorneys for Plaintiffs*

CASE NO: A-22-850593-C
Department 18

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| VIVEK CHAMARIA, individually; GAURI CHAMARIA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>ANTHONY JEROME HOWARD, individually; TRANSTAR TRANSPORTATIONS, INC., A Foreign Corporation; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,<br><br>Defendants. | CASE NO.:<br>DEPT NO.:<br><br><br><br>__COMPLAINT__ |

Plaintiffs, VIVEK CHAMARIA and GAURI CHAMARIA(collectively "Plaintiffs"), by and through their counsel, STEVE DIMOPOULOS, ESQ. and GARNET E. BEAL, ESQ. of DIMOPOULOS INJURY LAW, and for their Complaint against the Defendants, and each of them alleges as follows:

__JURISDICTION__

1.     At all times relevant hereto, Plaintiff, VIVEK CHAMARIA (hereinafter "Plaintiff Vivek") was a citizen of Nevada and resident of Clark County.

2.     At all times relevant hereto, Plaintiff, GAURI CHAMARIA (hereinafter "Plaintiff Gauri") was a citizen of Nevada and resident of Clark County.

3.     Upon information and belief for all times relevant hereto, Defendant, ANTHONY JEROME HOWARD (hereinafter "Defendant"), is and was a citizen of California.

DIMOPOULOS
INJURY LAW

4.     That at all times relevant herein, Defendant, TRANSTAR TRANSPORTATION, INC ("Defendant Transtar"), was and is a Foreign Corporation authorized to conduct business and doing business in the State of Nevada.

5.     Upon information and belief, Defendant was employed by and working in the course and scope of his employment and/or agency with Defendant Transtar for the times relevant to the underlying Complaint as stated herein.

6.     That the true names and capacities of the Defendants DOES 1 through 20, inclusive, are unknown to Plaintiffs, who, therefore, sues said Defendants by said fictitious names. Plaintiffs are informed, believes and thereon alleges that each of the Defendants designated as DOES 1 through 20 are owners, operators and/or individuals or agencies otherwise within possession and control of the motor vehicle herein mentioned and/or are individuals otherwise within the flow of traffic as related hereto. Plaintiffs are informed, believes and thereon alleges that Defendants ROE BUSINESS ENTITIES 1 through 20, are owners of the motor vehicle herein alleged and/or are in some manner responsible for the actions of its employees and/or assigns of Defendants designated as ROE BUSINESS ENTITIES 1 through 20.  Plaintiffs are informed, believes and thereon alleges that each of the Defendants designated as a DOE or a ROE BUSINESS ENTITY is in some manner negligently, vicariously, statutorily, contractually, and/or otherwise responsible for the events and happenings referred to and caused damages proximately to Plaintiffs as herein alleged. Plaintiffs will ask leave of the Court to amend this Complaint to insert the true names of such Defendants when the same have been ascertained.

7.     Defendants, and each of them, are liable and/or vicariously liable to Plaintiff(s) pursuant to NRS 41.130 as stated when any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages and where the person causing the injury is employed and/or acting within an agency relationship by another person or corporation responsible for the conduct of the person causing

the injury, that other person or corporation so responsible is liable to the person injured for damages.

**GENERAL ALLEGATIONS**

8.      Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth verbatim.

9.      On or about December 22, 2020, Plaintiff Gauri was driving a 2017 Mercedes E-Class northbound on IR15 in the number five(5) travel lane, south of the SR160 northbound off ramp, in Las Vegas, Clark County, Nevada.

10.     At the same time, Defendant was operating a 2019 International Semi-truck northbound on the IR15 in the number four(4) travel lane directly to the left of Plaintiffs' vehicle.

11.     At that time, Defendant was operating his truck in a negligent and unsafe manner when he failed to use due care, failed to maintain his travel lane and proceeded to make an unsafe lane change causing a motor vehicle collision with Plaintiffs' vehicle.

12.     That at all times relevant hereto, the negligence of Defendant in causing the said motor vehicle collision caused Plaintiffs to sustain and suffer personal injuries.

13.     At all times relevant hereto and upon information and belief, Defendant was operating the semi-truck while in the course and scope of his employment and/or agency with Defendant Transtar and with the consent, permission, and acquiescence of Defendant Transtar.

**FIRST CAUSE OF ACTION**
**(Negligence-Defendant Howard)**

14.     Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth verbatim.

15.     On or about December 22, 2020, Defendant had a duty to operate his vehicle in safe and reasonable manner and in accordance with the traffic law of the State of Nevada.

16.     Defendant breached this duty when he operated his truck in a negligent, careless, unsafe, and reckless manner, failed to use due care, failed to maintain his travel lane and made

Page 3 of 9

DIMOPOULOS
INJURY LAW

an unsafe lane change from an improper position thereby causing a motor vehicle collision and the cause of said collision was the legal and proximate cause of injuries to Plaintiffs.

17.     That as a direct and proximate result of Defendants' aforesaid actions, Plaintiffs incurred special and general damages that may include but are not limited to: emotional distress, pain and suffering, loss of enjoyment of life, loss of household services, lost wages, lost earning capacity, and medical expenses, all to Plaintiffs' general and special damages in an amount in excess of fifteen thousand dollars ($15,000.00).

18.     That as a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiffs to retain an attorney to prosecute this action, and Plaintiffs are entitled to recover reasonable attorneys' fees and costs.

19.     At all times relevant hereto, Defendant, was acting within the course and scope of his employment, services or agency with Defendant Transtar.

20.     At all times relevant hereto, Defendant, was acting within the course and scope of his employment, services, and/or agency with Defendant Transtar, when the subject incident occurred and acted negligently, thus each and every other Defendant, including but not limited to, Defendant Transtar, and DOE and ROE BUSINESS ENTITY Defendants, are vicariously liable for the injuries sustained by Plaintiffs as alleged above.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE PER SE–DEFENDANT HOWARD)

Plaintiffs repeats and realleges the allegations contained in Paragraphs 1 through 20, as fully set forth herein.

21.     Defendant had a duty to operate his vehicle in accordance with the traffic laws of the State of Nevada.

22.     Defendant violated the laws of the State of Nevada by operating his vehicle in a negligent, careless and reckless manner, by failing to pay full attention to driving, failing to maintain his travel lane, failing to use due care and attempting to make an illegal lane change

DIMOPOULOS
INJURY LAW

from an improper position in violation of NRS 484B.223 thus, striking Plaintiffs' vehicle, thereby causing damages and injuries to Plaintiffs. Thus, Defendant is negligent per se.

23. By reason of the premises and as a direct and proximate result thereof, Plaintiffs sustained injuries to their head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to their general damage in a sum in excess of $15,000.

24. By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiffs were required to and did receive medical and other treatment for their injuries received in an expense all to their damage in a sum in excess of $15,000.  Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiffs will amend their Complaint accordingly when the same shall be ascertained.

25. Prior to the injuries complained herein, Plaintiffs were able-bodied persons readily and gainfully employed and physically capable of engaging in all other activities for which they were otherwise suited.

### THIRD CAUSE OF ACTION

#### (Negligent Hiring, Retention, Training and Supervision-Defendant Transtar)

Plaintiffs repeat and reallege each and every fact and allegation contained in this Complaint and incorporates the same herein by reference as though fully set forth herein verbatim.

26. Defendants, had a duty to properly hire, train, and supervise its staff, employees and/or agents including Defendant and to ensure that said employees and agents conducted their duties while working within said scope and/or agency in a safe and reasonable manner.

27. Defendant Transtar, or its employees, agents or assigns, breached this duty by negligently, carelessly, and recklessly hiring, maintaining, retaining, supervising, and/or controlling its employees, agents or assigns, thereby causing the subject accident.

28.     That as a direct and proximate result of the aforesaid acts and/or inactions of Defendant Transtar, or by its employees, agents or assigns, were breaches of the duty of reasonable care owed by Defendants to its customers and to the general public, and in particular to Plaintiffs.

29.     That by reason of the Defendants' negligent acts and as a direct and proximate result thereof, Plaintiffs sustained great pain of body and mind, suffering, and mental stress and anxiety, all or some of which conditions may have been permanent and disabling in nature, all to Plaintiffs' damage in an amount in excess of $15,000.

30.     That by reason of the Defendants' negligent acts and as a direct and proximate result thereof, Plaintiffs incurred expenses for medical care and treatment and expenses incidental thereto, all to Plaintiffs' damage, the present amount of which is unknown; all to Plaintiffs' damage in a presently unascertainable amount in excess of $15,000. In this regard, Plaintiffs pray for leave of Court to insert all said damages herein when the same have been fully ascertained.

31.     As a direct and proximate result of Defendants' aforesaid actions, it has been necessary for Plaintiffs to retain an attorney to prosecute this action, and Plaintiffs are entitled to recover reasonable attorneys' fees and costs.

32.     That pursuant to NRS 41.130, or alternatively, under the doctrine of "respondent superior" Defendants are liable to Plaintiffs for their management's wrongful and tortuous acts.

33.     That as a direct and proximate cause of Defendants' wrongful conduct, Plaintiffs suffered and continues to suffer special, general and compensatory damages in excess of $15,000.00.

34.     That as a direct and proximate result of Defendants' wrongful conduct, Plaintiffs have had to secure the services of any attorney to pursue this action, and Plaintiffs should be allowed a reasonable sum for his attorney fees and costs incurred herein.

## FOURTH CAUSE OF ACTION

### (NEGLIGENCE ENTRUSTMENT-DEFENDANT TRANSTAR)

Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 34, as fully set forth herein.

35.     Defendant Transtar entrusted said vehicle to Defendant when they allowed him to drive said vehicle.

36.     Defendant Transtar knew or should have known that the Defendant lacked the skill and necessary training in operating a motor vehicle entrusted to him. As such, Defendant Transtar knew or should have known of the significant hazards arising from the operating of said motor vehicle on public streets.

37.     Defendant Transtar knew or should have known that the entrustment of said vehicle to Defendant would inflict damages to person and property using public streets, including Plaintiff.

38.     Defendant Transtar had a duty to only trust said vehicle to qualified and competent drivers.

39.     Defendant Transtar breached this duty when they entrusted the vehicle to Defendant.

40.     By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to her head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to her general damage in a sum in excess of $15,000.

41.     By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000.  Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend her Complaint accordingly when the same shall be ascertained.

42.     Prior to the injuries complained herein, Plaintiff was an able-bodied person readily and gainfully employed and physically capable of engaging in all other activities for which she was otherwise suited.

### FIFTH CAUSE OF ACTION

#### (RESPONDEAT SUPERIOR-DEFENDANT TRANSTAR)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 42, as if fully set forth herein.

43.     Defendant Transtar entrusted said truck to Defendant in order to generate income and profits.

44.     Defendant is and was an employee of Defendant Transtar and under the supervision and control of Defendant Transtar at the time of the accident described herein.

45.     At all times relevant herein, Defendant was acting within the scope and course of his employment with Defendant Transtar at the time of the accident described herein.

46.     By reason of the premises and as a direct and proximate result thereof, Plaintiffs sustained injuries to their head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to their general damage in a sum in excess of $15,000.

47.     By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiffs were required to and did receive medical and other treatment for their injuries received in an expense all to their damage in a sum in excess of $15,000.  Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiffs will amend their Complaint accordingly when the same shall be ascertained.

48.     Prior to the injuries complained herein, Plaintiffs were able-bodied persons readily and gainfully employed and physically capable of engaging in all other activities for which they were otherwise suited.

. . .

. . .

DIMOPOULOS
INJURY LAW

WHEREFORE, Plaintiffs pray for relief against the Defendants, and each of them, for each cause of action as follows:

1.      General damages as allowed by law;

2.      Special and/or contractual damages as allowed by law;

3.      Lost wages in an amount yet to be determined;

4.      For damages relating to loss of consortium;

5.      Damages for personal injuries in an amount to be determined at trial;

6.      Damages for past and future medical expenses in excess of $15,000 and for further medical expenses in an amount to be determined at trial;

7.      For any and all pre- and post-judgment interest allowed under the law;

8.      Reasonable attorney's fees and costs; and

9.      For such other further relief as this Court may deem just and proper.

DATED THIS 1st day of April 2022.

DIMOPOULOS INJURY LAW

*/s/ Garnet E. Beal*

_____
GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
6671 South Las Vegas Boulevard, #275
Las Vegas, NV 89119
*Attorneys for Plaintiffs*

EXHIBIT "B"

Electronically Filed
6/20/2022 3:00 PM
Steven D. Grierson
CLERK OF THE COURT

## AFFIDAVIT OF SERVICE

| Case:<br>A-22-850593-C | Court:<br>Eighth Judicial District Court | County:<br>Clark, NV | Job:<br>7066034 (2072) |
|---|---|---|---|

| Plaintiff / Petitioner:<br>VIVEK CHAMARIA; GAURI CHAMARIA | Defendant / Respondent:<br>TRANSTAR TRANSPORTATIONS, INC., et al. |
|---|---|

| Received by:<br>All Access Process | For:<br>Dimopoulos Injury Law |
|---|---|

| To be served upon:<br>ANTHONY JEROME HOWARD |
|---|

I, Brandon Azmi, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   ANTHONY JEROME HOWARD, 12082 Clark St #302, Moreno Valley, CA 92557

**Manner of Service:**   Personal/Individual, Jun 18, 2022, 3:00 pm PDT

**Documents:**   Complaint, Summons

**Additional Comments:**

1) Unsuccessful Attempt: May 12, 2022, 8:36 am PDT at 12082 Clark St #302, Moreno Valley, CA 92557
Gated apartment complex, no access. Waited 5 minutes.

2) Unsuccessful Attempt: May 15, 2022, 6:27 pm PDT at 12082 Clark St #302, Moreno Valley, CA 92557
Unable to gain access.

3) Unsuccessful Attempt: May 18, 2022, 7:40 am PDT at 12082 Clark St #302, Moreno Valley, CA 92557
Gained access, there was no answer, no activity seen or heard.

4) Unsuccessful Attempt: May 21, 2022, 2:38 pm PDT at 12082 Clark St #302, Moreno Valley, CA 92557
Unable to gain access.

5) Unsuccessful Attempt: May 28, 2022, 8:10 am PDT at 12082 Clark St #302, Moreno Valley, CA 92557
There was no answer, no activity, package for Devon Kimler. Called phone number and left a voice message

6) Unsuccessful Attempt: May 31, 2022, 6:05 pm PDT at 12082 Clark St #302, Moreno Valley, CA 92557
Per Devon Kimler, (B/M/30's/5'10"/180lbs/Blk hair), there is no such person in here, he has been living here for about 2 years.

7) Unsuccessful Attempt: Jun 3, 2022, 8:17 am PDT at 24229 Sunnymead Blvd, Moreno Valley, CA 92553
There was no answer, no activity, located behind a doctor's office, shares a parking lot, many cars parked

8) Unsuccessful Attempt: Jun 5, 2022, 4:21 pm PDT at 24229 Sunnymead Blvd, Moreno Valley, CA 92553
There was no answer, no activity

9) Unsuccessful Attempt: Jun 7, 2022, 7:06 am PDT at 24229 Sunnymead Blvd, Moreno Valley, CA 92553
There was no answer, no activity

10) Unsuccessful Attempt: Jun 9, 2022, 6:17 pm PDT at 24229 Sunnymead Blvd, Moreno Valley, CA 92553
There was no answer, no activity

11) Unsuccessful Attempt: Jun 11, 2022, 8:29 am PDT at 24229 Sunnymead Blvd, Moreno Valley, CA 92553
There was no answer, no activity, Winnebago Chieftain (6DEB597) in front of house

12) Unsuccessful Attempt: Jun 13, 2022, 5:16 pm PDT at 24229 Sunnymead Blvd, Moreno Valley, CA 92553
There was no answer or activity heard, dark inside.

13) Unsuccessful Attempt: Jun 15, 2022, 11:05 am PDT at 24229 Sunnymead Blvd, Moreno Valley, CA 92553
There was no answer, no activity Winnebago still there
//
//
//
//

//
//
14) Successful Attempt: Jun 18, 2022, 3:00 pm PDT at 12082 Clark St #302, Moreno Valley, CA 92557 received by ANTHONY JEROME HOWARD. Age: 60's; Ethnicity: African American; Gender: Male; Weight: 175; Height: 5'9"; Hair: Other; Other: Salt & Pepper hair; By serving Defendant.


I declare under penalty of perjury that the foregoing is true and correct.


_____          06/20/2022
                                                  _____
Brandon Azmi                                      **Date**

Serve Vegas LLC
Nevada License 1914-C
9811 W. Charleston Blvd 2-732
Las Vegas, NV 8911
702-209-2140

EXHIBIT "C"

**AFFIDAVIT OF SERVICE**

Electronically Filed
5/20/2022 2:00 PM
Steven D. Grierson
CLERK OF THE COURT

| Case:<br>A-22-850593-C | Court:<br>Eighth Judicial District Court | County:<br>Clark, NV | Job:<br>7066088 (2072... |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>VIVEK CHAMARIA; GAURI CHAMARIA | | **Defendant / Respondent:**<br>TRANSTAR TRANSPORTATIONS, INC., et al. | |
| **Received by:**<br>CC Process | | **For:**<br>Dimopoulos Injury Law | |
| **To be served upon:**<br>TRANSTAR TRANSPORTATIONS, INC. | | | |

I, Andrew Lugo, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Karam Shin, 24001 Los Codona Ave, Torrance, CA 90505
Manner of Service:   Registered Agent, May 13, 2022, 10:42 am PDT
Documents:   Complaint, Summons

**Additional Comments:**
1) Successful Attempt: May 13, 2022, 10:42 am PDT at 24001 Los Codona Ave, Torrance, CA 90505 received by Karam Shin. Age: 40; Ethnicity: Asian American; Gender: Male; Weight: 140; Height: 5'9"; Hair: Black;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

_____   05/17/2022
Andrew Lugo   **Date**
PS0001771

Serve Vegas LLC
Nevada License 1914-C
9811 W. Charleston Blvd 2-732
Las Vegas, NV 8911
702-209-2140

EXHIBIT "D"

Electronically Filed
7/11/2022 2:51 PM
Steven D. Grierson
CLERK OF THE COURT

1 | **REA**
STEVE DIMOPOULOS, ESQ.
2 | Nevada Bar No.12729
GARNET E. BEAL, ESQ.
3 | Nevada Bar No.: 12693
DIMOPOULOS INJURY LAW
4 | 6671 S. Las Vegas Blvd., Suite 275
Las Vegas, NV 89119
5 | O: (702) 800-6000
F: (702) 224-2114
6 | gb@stevedimopoulos.com

7 | **DISTRICT COURT**

8 | **CLARK COUNTY, NEVADA**

9 | VIVEK CHAMARIA, individually; GAURI
CHAMARIA, individually,
10 |

CASE NO.:   A-22-850593-C
DEPT NO.:   18

11 | Plaintiff,

12 | vs.

13 | ANTHONY JEROME HOWARD, individually;
TRANSTAR TRANSPORTATIONS, INC., A
14 | Foreign Corporation; DOE INDIVIDUALS 1-20,
inclusive; and ROE CORPORATIONS 1-20,
15 | inclusive,

**PLAINTIFFS' REQUEST FOR EXEMPTION
FROM ARBITRATION**

16 | Defendants.

17 |         Plaintiffs VIVEK CHAMARIA and GAURI CHAMARIA (collectively, "Plaintiffs"), hereby

18 | requests the above-captioned matter be exempted from Arbitration pursuant to Nevada

19 | Arbitration Rules 3 and 5, as this case:

20 |         1.      ___    presents a significant issue of public policy;

21 |         2.      _X_    involves an amount in issue in excess of $50,000 exclusive of interest and
22 |
23 |                 Costs;

24 |         3.      ___    presents unusual circumstances, which constitute good cause for removal

25 |                 from the program.

26 | . . .

27 | . . .

28 | . . .

DIMOPOULOS
INJURY LAW

## I. FACTUAL BACKGROUND

On or about December 22, 2020, Plaintiff Gauri was driving a 2017 Mercedes E-Class northbound on IR15 in the number five(5) travel lane, south of the SR160 northbound off ramp, in Las Vegas, Clark County, Nevada.  Plaintiff Vivek was a fault free passenger in Gauri's vehicle.

At the same time, Defendant was operating a 2019 International Semi-truck northbound on the IR15 in the number four(4) travel lane directly to the left of Plaintiffs' vehicle. At that time, Defendant failed to use due care, failed to maintain his travel lane and proceeded to make an unsafe lane change causing a motor vehicle collision with Plaintiffs' vehicle. The impact caused Plaintiffs to sustain personal injuries as set forth herein.

### 1.   PLAINTIFF GAURI CHAMARIA'S MEDICAL TREATMENT

Shortly after the accident, the Plaintiff presented to Jackson Physical Therapy with ongoing complaints of right lumbar pain, difficulty standing, as well as numbness and tingling in her bilateral lower extremities.  The Plaintiff reported experiencing pain, stiffness and weakness in her cervical and lumbar spine. She reported being the restrained driver in a vehicle that was struck on the driver's side by a box truck. Upon examination, it was recommended that the Plaintiff begin a conservative treatment regimen in condition with a home exercise program including manual therapy, modalities for pain control, balance and gait training.

. . .

. . .

. . .

. . .

. . .

. . .

In addition, the Plaintiff was co-treated by Dr. John Dimuro at DiMuro Pain Management. At her initial visit, the Plaintiff reported being in a motor vehicle accident causing her pain in her low back which radiates toward the right buttock. In addition, Dr. Dimuro reported "reproducible pain at and below the belt lime. Dr. Dimuro reviewed the Plaintiff's lumbar MRI which revealed an annular fissure with 4mm disc extrusion at L5-S1. Upon examination, Dr. Dimuro recommended that the Plaintiff undergo bilateral L5-S1 transforaminal epidural steroid injections. On March 12, 2021, the Plaintiff underwent the recommended injections.

On December 2, 2021, the Plaintiff presented to Dr. Grover at Nevada Spine Clinic with ongoing complaints of low back pain and bilateral leg pain as well as paresthesia in the lower extremities. Dr. Grover noted that she had been actively treating through physical therapy and medical modalities but that her condition had not improved. As such, Dr. Grover recommended that the Plaintiff undergo a lumbar discogram. The discogram was performed on January 20, 2022.  Upon review of the post discogram CT, Dr. Grover reported "isolated disruption at L5-S1." Given the findings, Dr. Grover recommended that the Plaintiff undergo a fusion reconstruction and stabilization at L5-S1. On March 29, 2022, the Plaintiff underwent the recommended anterior with subsequent posterior lumbar, interbody fusion at L5-S1.

To date, the Plaintiff has incurred in excess of **$541,000.00** in past medical expenses and continues to treat for the injuries she sustained in the subject accident. Plaintiff Gauri Chamaria's past medical specials to date are as follows:

| Medical Providers | Specials |
|---|---|
| Jorg Hans Rosler, MD | $1,580.00 |
| Jackson Physical Therapy | $6,225.00 |
| Paylater Pharmacy | $535.97 |
| Pueblo Medical Imaging | $7,950.00 |
| Las Vegas Neurosurgical Institute | $1,000.00 |
| State of Mind | $2,831.97 |
| Advanced Orthopedics & Sports Medicine | $23,656.08 |
| Dimuro Pain Management | $3,765.00 |
| Dimuro Facilities Services | $9,723.00 |
| Tim Soder Physical Therapy | $3,108.00 |
| Desert Orthopedic Center | $1,125.00 |

| | |
|---|---|
| Khavkin Clinic | $2,717.00 |
| Nevada Spine Clinic | $170,245.00 |
| Smoke Ranch Surgery Center | $311,860.00 |
| Las Vegas Radiology | $1,100.00 |
| Smoke Ranch Specialists | $8,899.00 |
| Precision Diagnostics Imaging | $1,650.00 |
| **Total Medical Specials:** | $541,680.05 |

### 2.   PLAINTIFF VIVEK CHAMARI'S MEDICAL TREATMENT

Shortly after the accident, Plaintiff Vivek presented to Jackson Physical Therapy with complaints of right sided thoracic pain, low back pain, right shoulder pain and right temple with headaches. The Plaintiff reported experiencing pain, stiffness and weakness in his cervical and lumbar spine. Upon examination, it was recommended that the Plaintiff begin a conservative treatment regimen in condition with a home exercise program including manual therapy, modalities for pain control, balance and gait training.

In addition, the Plaintiff co-treated with Dr. John Dimuro at Dimuro Pain Management. The Plaintiff first presented to Dr. Dimuro on February 19, 2021, with ongoing complaints of neck, right shoulder, upper back and lower back pain.  Upon examination, Dr. Dimuro notated that the Plaintiff has a combination of axial and mechanical pain as well as radicular pain in his cervical spine. Given his complaints, Dr. Dimuro recommended that the Plaintiff undergo right sided facet joint injections or possibly an epidural injection. In addition, Dr. Dimuro recommended that the Plaintiff undergo lumbar facet injections and a right sacroiliac joint injection. On March 12, 2021, the Plaintiff underwent the recommended cervical steroid injection as well as the cervical facet joint injection. Then, on March 26, 2021, the Plaintiff underwent bilateral L4-5 and L5-S1 facet joint injections.

To date, Plaintiff Vivek Chamaria has incurred in excess of **$66,000.00** in past medical expenses and continues to treat for the injuries she sustained in the subject accident. Plaintiff Vivek Chamaria's past medical specials to date are as follows:

DIMOPOULOS
INJURY LAW

| Medical Providers | Specials |
|---|---|
| Jackson Physical Therapy | $3,875.00 |
| Jorg Rosler, MD | $2,330.00 |
| Las Vegas Neurosurgical Institute | $1,575.00 |
| Pueblo Medical Imaging | $4,950.00 |
| DiMuro Pain Management | $1,590.00 |
| DiMuro Facilities Services | $28,100.00 |
| W. Azzoli, MD | $1,990.00 |
| Khavkin Clinic | 1,597.00 |
| Precision Diagnostic Imaging | 3,785.00 |
| Nevada Spine Clinic | 17,150.25 |
| **Total Medical Specials:** | **$66,942.25** |

To date, collectively the Plaintiffs have incurred in excess of **$600,000.00** in medical expenses as a result of the subject accident and both continue to treat for their injuries. Therefore, Plaintiffs respectfully requests this matter be exempt from arbitration.

## II. <u>CONCLUSION</u>

Accordingly, Plaintiffs request that this matter be exempt from arbitration as the damages sustained by him exceed $50,000.00.

Pursuant to NRCP 11, I hereby certify this case to be within the exemption marked above and I am aware of the sanctions, which may be imposed against any attorney or party who without good cause or justification attempts to remove a case from the arbitration program.

Dated:  July 11, 2022.

DIMOPOULOS INJURY LAW

*/s/ Garnet E. Beal*

_____
GARNET E. BEAL, ESQ.
Nevada Bar No.: 12693
6671 South Las Vegas Boulevard, Suite 275
Las Vegas, NV 89119
Attorney for Plaintiffs

DIMOPOULOS
INJURY LAW

<u>CERTIFICATE OF SERVICE</u>

Pursuant to NRCP 5(b), I hereby certify that I am an employee of DIMOPOULOS INJURY

LAW and that on the <u>11th</u> day of July 2022, I caused the foregoing **PLAINTIFFS' REQUEST FOR**

**EXEMPTION FROM ARBITRATION** to be served as follows:

[X]      pursuant to N.E.F.C.R. 9 by serving it via electronic service

[ ]      by placing a true and correct copy of the same to be deposited for mailing in the
U.S. Mail at Las Vegas, Nevada, enclosed in a sealed envelope upon which first
class postage was fully prepaid; and/or

[ ]      pursuant to EDCR 7.26, by sending it via facsimile; and/or

[ ]      by hand delivery to the attorneys listed below:

Steven Canfield, Esq.
WINNER & BOOZE
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorney for Defendants*

*/s/ Stacey Crawford*
_____
An employee of the DIMOPOULOS INJURY LAW




DIMOPOULOS
INJURY LAW